**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY RIVERA,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL KELLY, *et al.*,<br><br>                Defendants. | Civil Action No. 24-11097 (ZNQ) (JTQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

      This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1) in this prisoner civil rights matter. Having reviewed Plaintiff's application, this Court finds that leave to proceed without the prepayment of fees is authorized in this matter and Plaintiff's application shall therefore be granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's claims against the Atlantic County Justice Facility shall be dismissed with prejudice, and Plaintiff's complaint shall otherwise be dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.     BACKGROUND**

Plaintiff is a pretrial detainee currently housed in the Atlantic County Justice Facility, a county jail. (ECF No. 1 at 2-3.) In this matter, Plaintiff seeks to raise a civil rights claim under 42 U.S.C. § 1983 based on the conditions of confinement in the jail in which he is detained. (*Id.* at 2-5.) Plaintiff alleges that the jail's toilets have limited flushing capability and do not drain immediately, and that the windows in Plaintif's unit have been painted and provide diminished natural light. (*Id.* at 5.) Plaintiff names two Defendants in this matter – the jail itself, and its warden, Defendant Michael Kelly, who Plaintiff alleges "authorized" the conditions without further elaboration. (*Id.* at 4.) Plaintiff does not state that these conditions have ever been discussed with Kelly, only that Plaintiff sought "informal relief" from unnamed "supervisory staff" members, who did not resolve these issues. (*Id.* at 5.)

**II.    LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In this matter, Plaintiff seeks to raise conditions of confinement claims against the jail in which he is detained and the warden of that jail pursuant to 42 U.S.C. § 1983. A county jail, however, is not a proper defendant in a civil rights proceeding as it is not considered a separate entity from the municipality which operates the jail. *See Harris v. Hudson Cnty. Jail*, No. 14-

6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). Plaintiff's claims against the Atlantic County Justice Facility must therefore be dismissed with prejudice.

Plaintiff's claims against Defendant Kelly also fail to state a claim for which relief may be granted. A defendant in a civil rights proceeding cannot be held liable merely based on his supervisory position, instead he must have personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisors are thus generally only liable if they were directly involved in wrongful deeds, had actual knowledge of and acquiesced in the deeds of their subordinates, or they created a policy or custom which was the moving force behind the alleged wrongs. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

Plaintiff's complaint contains no facts indicative of Kelly's involvement in the conditions in question beyond a conclusory allegation that Kelly, as warden, must have "authorized" any conditions within the jail. That assertion amounts to a bald assertion of an improper vicarious theory of liability which seeks to hold Kelly liable solely based on his supervisory role. As Plaintiff has pled no facts which indicate that Kelly was personally involved in the alleged conditions, either through direct action or through the adoption of policies, Plaintiff fails to state a plausible claim for relief against Kelly. Plaintiff's claims against Kelly must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) shall be **GRANTED**, Plaintiff's claims against the Atlantic County Justice Facility shall be **DISMISSED WITH PREJUDICE**; and Plaintiff's complaint (ECF No. 1) shall be otherwise be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Date: February 6, 2026

                                                                                   s/ Zahid N. Quraishi
                                                           ZAHID N. QURAISHI
                                                           UNITED STATES DISTRICT JUDGE